L. S. STRICKLAND, Judge of Probate,

*vs.*

JAMES HOLMES and others.

Aroostook. Opinion March 18, 1885.

*Probate bond. Liability of heirs of a deceased surety. R. S., c. 87, § 16.*

The heirs of a deceased surety on a guardian's bond are not liable under R. S., c. 87, § 16, jointly with the principal on the bond.

Whether the claim against such heirs, as among themselves, is joint, *quere.*

REPORT on facts agreed.

Debt on the official bond of James Holmes, guardian of Emma H. Pierce, minor. The action is brought in the name of the judge of probate, for the benefit of the ward.

The material facts are stated in the opinion.

*C. B. Roberts,* for the plaintiff.

*Powers and Powers,* for the defendants.

DANFORTH, J. The bond in suit in this case was given by the defendant, Holmes, as principal and guardian of Emma H.

Pierce, a minor, and was signed by Nathan Perry as surety. There has been a breach, and the amount of damages has been fixed by a decree of the judge of probate. Holmes interposes no defence.

It appears that Perry, the surety, died, and his estate was administered upon more than two years before this right of action accrued. As there can be no remedy against his administratrix, the plaintiff has joined the other defendants in the suit as heirs of the surety, claiming the right to do so under the provisions of R. S., c. 87, § 16, which reads as follows : " When such claim has not been filed in the probate office within said two years, the claimant may have a remedy against the heirs or devisees of the estate within one year after it becomes due, and not against the executor or administrator."

The context shows that the extent of the liability of each heir or devisee is measured by the amount of assets individually received from the estate. Hence there should be an allegation in the declaration, not only that assets were received, but of the amount. There are no such allegations in this writ. It is therefore defective in that respect. But if there were no other difficulties in the way, this might perhaps be removed as to all but one, by an amendment, for the agreed facts show that the heirs collectively have received their distributive share, which share is sufficient to pay the plaintiff's claim. The facts, however, show that one defendant, Ann H. Perry, is the widow of Nathan, and therefore not an heir. Nor can she be a devisee, for no will appears to have been made. As to her, the action must fail.

The serious question in this case is, can this action be maintained against the heirs jointly with the principal in the bond? Certainly the liability is not a joint one. The bond is a contract and the rights and liability of the parties to it must depend upon its terms and conditions alone. The liability of the heirs rests upon the statute. In a suit against them, the bond and proceedings in the probate court become material and must be a part of the declaration, as showing the amount of the plaintiff's claim. But that is not sufficient to maintain the suit against the heirs. There must be, to do that, the necessary allegations to bring the

case within the statute, for that determines their liability. Hence, if both are combined in one suit, there must be two counts in the writ, of different import, one applicable to one set of defendants, and another to a different set, or there must be allegations in one count which are not applicable to all the defendants alike, which could not be the case if the claim were joint. It may admit of a grave doubt whether the claim against the heirs as among themselves, depending as it does upon the different amount of assets which each may receive, is not rather several than joint. *Sampson* v. *Sampson,* 63 Maine, 335. But, however this may be, they can not be liable jointly with the signer of the contract, as they do not become parties to it. Their liabilities are created solely by statute.

Another consideration tending to the same result, is found in the fact that under the statute, "the claimant may have a remedy against the heirs." This is an independent and additional remedy to that authorized upon the bond. While the plaintiff must pursue the legal course to fix the amount of his claim under the bond, when that is done, the statute gives him this remedy which, without it, would not exist. This remedy is not in the control of the probate judge. He may give or withhold his consent to a prosecution on the bond, and having given it, no costs can be recovered by the defendants if they prevail. But this remedy is to be pursued at the option of the claimant, and at his risk. It must, therefore, be by such a process as will give the defendants a right to costs, if they prevail. No exception to the general rule in this respect, is made by the statute.

> *Judgment against the defendant, Holmes, for $202.43 and interest from the date of the decree of the probate court, September term, 1881, and in favor of the other defendants.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.